```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  SKENDER DOMI,                                             :
                                                            :
                                        Plaintiff,          :
                                                            :   MEMORANDUM DECISION AND
                     - against -                            :   ORDER
                                                            :
  2301 KINGS LLC and ISRAEL LANDAU,                         :   21-cv-4205 (BMC)
                                                            :
                                                            :
                                        Defendants.         :
                                                            :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff worked as a porter for defendant 2301 Kings LLC. He alleges that 2301 Kings and its defendant owner-operator failed to pay him wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and corresponding provisions of the New York Labor Law ("NYLL"), §§ 190 and 650 et seq. Before me is plaintiff's motion for a default judgment. With one adjustment set forth below, the motion is granted.

According to his complaint and declaration in support of his motion for a default judgment, plaintiff worked for 2301 Kings from approximately April 20, 2015 through March 6, 2020. He worked 8 hours per day, 6 days per week. 2301 Kings kept no record of his time and neither did plaintiff, so he is testifying from his memory. In addition, defendants never gave plaintiff the payroll notices and wage statements required under NYLL § 195(1) and (3).

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158. To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

There is no need for an inquest here. Plaintiff's declaration constitutes adequate proof of his damages. There is no point in having him appear to repeat his hours and conditions of work as set forth in his declaration. The complaint also contains sufficient allegations as to the individual defendant's management and control over setting plaintiff's wages.

Plaintiff seeks six categories of damages under the New York Labor Law and its regulations.[1] First, he seeks unpaid minimum wages for the period from January 1, 2018 through his termination date. That is because it was on January 1, 2018 that the NYLL minimum wage rose to $12 per hour (and continued increasing annually thereafter), and his fixed monthly salary of $2,000 resulted in an hourly wage of $11.54 based on a presumptive 40-hour work week. Second, he seeks overtime pay throughout the period of his employment as he was never paid overtime for the 8 hours per week over 40 that he worked throughout his employment. Third, he

---

[1] Plaintiff makes nominal reference to the FLSA, but that statute gets him nothing in this case except a jurisdictional hook into federal court. His damages under New York law exceed the FLSA in every category except that they award the same amount of liquidated damages for unpaid overtime and minimum wages, but again, since his actual damages are based solely on New York law, it is effectively the NYLL that is supplying the basis for these liquidated damages.

seeks liquidated damages on these amounts under the NYLL, which provides for liquidated damages in the same amount as his unpaid wages. Fourth, he seeks prejudgment interest on his unpaid wages (not on his liquidated damages) under the NYLL at the rate of 9% per N.Y. C.P.L.R. § 5001(b) from the mid-point of his employment, September 27, 2017. Fifth, he seeks damages under NYLL § 191(1)(a)(i) for the failure of 2301 Kings to timely pay him. That statute requires payment within seven days of the end of the work week, but 2301 Kings only paid plaintiff monthly, effectively holding his wages for an extra three weeks per month. Sixth, he seeks recovery for failure to comply with the notice provisions of NYLL § 195(1)(a) and (3). These provisions require, respectively, a time-of-hiring notice of wages and an itemization of wages and deductions on each payday. Each provision allows recovery of a daily amount for which the notices are not provided up to a maximum of $5,000 each. Since plaintiff never received any required notices, and the period would exceed the statutory maximum, he seeks $5,000 for the violation of each statute.

Plaintiff's evidence and the allegations in the complaint demonstrate his entitlement to each these categories of damages, and his attorney's calculations appear correct. He is therefore entitled to recovery as follows:

| ELEMENT OF DAMAGES | AMOUNT |
|---|---|
| Unpaid minimum wages | $6,286.15 |
| Unpaid overtime wages | $34,978.15 |
| Liquidated damages on the combined amounts above | $41,264.31 |
| Sub-total | $84,923.08 |
| Prejudgment interest on unpaid wages | $8,428.09 |
| Time-of-hiring notice violation | $5,000 |
| Wage statement violation | $5,000 |
| TOTAL | $185,879.78 |

In addition, plaintiff seeks recovery of attorneys' fees in the amount of $8,804.50 and costs of $960.75. The amount of attorneys' fees is based on 11.7 hours of work by a highly experienced senior associate at $435 per hour and a total of 11.2 hours by two more junior associates, one at $375 per hour and the other at $325 per hour. Plaintiff cites cases from the Southern District of New York in support of his claim that the reasonable rate for wage cases is between $250 per hour and $450 per hour, see, e.g. Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014), but even if that is an accurate assessment of the going rate in that district, the Second Circuit has held courts should not consider Southern District of New York rates as necessarily reflective of rates within the Eastern District of New York. See Simmons v. New York City Transit Auth., 575 F.3d 170, 177 (2d Cir. 2009).

The top end of FLSA rates in this district appear somewhat lower than the range cited by plaintiff in the Southern District of New York, and there is no dearth of attorneys appearing in this district who need to be incentivized to bring these cases. In this district, the more typical rates are $300 to $400 per hour for partners. See Encalada v. Bay Ridge Enterprises Ltd., 612 F. App'x 54 (2d Cir. 2015); Nuriddinov v. Masada III, Inc., No. 15-cv-5875, 2017 WL 9253401, at *11(E.D.N.Y. July 24, 2017), adopted by, 2018 WL 1251335, (E.D.N.Y. Mar. 12, 2018); Ferrera v. Tire Shop Ctr., No. 14-cv-04657, 2016 WL 7626576, at *5 (E.D.N.Y. Oct. 14, 2016), adopted by, 2017 WL 27946 (E.D.N.Y. Jan. 3, 2017). Senior associates' going rate in this district's FLSA cases is $200 to $300 per hour, and that of junior associates is $100 to $150 per hour. See Lopic v. Mookyodong Yoojung Nakjie, Inc., No. 16-cv-4179, 2017 WL 10845064, at *11 (E.D.N.Y. Sept. 30, 2017). Based on the prevailing rates in this district, I will reduce the rates for which plaintiff has applied to $400 per hour for the senior associate (as I see no distinction

4

between her experience and qualifications from that of a partner), and $275 per hour and $250 per hour, respectively, for the two more junior associates.

In addition, the nearly 23 hours spread amongst three attorneys seems a little higher than the norm – it generally takes between 15 to 20 hours to see a simple wage case through to a default judgment, see id. at *12 (finding 16.8 hours reasonable); Leon v. Zita Chen, No. 16-cv-480, 2017 WL 1184149, at *10 (E.D.N.Y. Mar. 29, 2017) (finding 13.51 hours reasonable). However, plaintiff's submissions here were of higher quality than I usually see in these cases, making the Court's task easier, and I would rather have plaintiff's attorneys put in a few extra hours to produce submissions of this quality rather than nickel-and-dime counsel over a few hours. The 22.9 hours will therefore be allowed.

The requested costs for the filing fee, service of process, and translation services are also reasonable and will be allowed.

Plaintiff's motion for a default judgment [14] is therefore granted to the extent set forth above. The Clerk is directed to enter judgment for plaintiff and against defendants, jointly and severally, in the amount of $185,879.78 in damages plus attorneys' fees and costs of $8,478.25, for a total of $194,358.03.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 27, 2021